**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| J.T., by and through his guardian ad litem JANICE WOLFE,<br><br>            Plaintiffs,<br><br>      v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>            Defendant. | Case No.: 1:16-cv-01492 - DAD - JLT<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO FILE THE ADMINISTRATIVE RECORD UNDER SEAL<br><br>(Doc. 16) |

    This action arises under the Individuals with Disabilities Education Improvement Act. Plaintiff claims the administrative law judge improperly decided issues raised in a due process hearing at which the child contended the defendant denied the child Free and Appropriate Public Education. (Doc. 1 at 4)

    The parties seek to have the Court file the administrative record under seal. (Doc. 16 at 2-3) The parties' concern is that redaction of the record for personal identifiers is likely to be ineffective due to the number of redactions necessary and the number of pages in the record. Moreover, the record contains confidential medical, psychological and educational information related to the child's disability and other documents which bear on these issues and which are "sensitive and highly personal in nature." Id. at 3-4. Moreover, if the record is not sealed, the parties' contend that the child's identity will be easily identified through other information that Local Rule 140(a) does not

permit to be redacted. Id. at 4.  The child also relies upon the Family Education Rights and Privacy Act which provides for the protection of the child's and his family's privacy interests and upon the health Insurance Portability and Accountability Act. (Doc. 16 at 4-6)

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c).  The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way."  Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Presumptively, documents filed in civil cases are to be available to the public.  EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003).  The Court may seal documents only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170.  In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

As noted above, Plaintiff seeks to seal documents that list the child's name and other identifiers.  The record has this information listed throughout making redaction impractical.  Likewise, the information contained in the record is highly sensitive and is deserving of confidentiality.  Moreover, the parties jointly agree that the record should be filed under seal.[1]  Thus, the Court finds a compelling need for the information contained in the record to remain private.

---

[1] Counsel are advised that this order does not preclude the Court from issuing orders on the public docket which discusses information contained in the sealed administrative record.  On the other hand, the Court may issue orders under seal temporarily and give the parties an opportunity to recommend redactions for the public version of the order.  In this event, failing to recommend redactions may result in the Court docketing the full order, which would open the confidential information public review.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The joint request to file the administrative record under seal (Doc. 1() is **GRANTED**;

2. **No later than December 23, 2016,** Plaintiff **SHALL** e-mail the administrative record to ApprovedSealed@caed.uscourts.gov to allow the Clerk of the Court to file it under **SEAL**. Each document included in the administrative record must be submitted in PDF format. No file submitted for sealing may exceed 10MB. Thus, as necessary, the administrative record may be broken up into files not exceeding 10 MB.

IT IS SO ORDERED.

Dated: **December 8, 2016**                    **/s/ Jennifer L. Thurston**
                                                                    UNITED STATES MAGISTRATE JUDGE