UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., a minor, by and through his guardian ad litem Janice Wolfe,<br><br>Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | No. 1:16-cv-01492-DAD-JLT<br><br>ORDER REJECTING STIPULATION<br><br>(Doc. No. 52) |

This court previously rejected plaintiff's appeal from an administrative law judge's ruling concerning plaintiff's Individuals with Disabilities Education Act (IDEA) claim. In this action plaintiff has also alleged claims under the Americans with Disabilities Act and the Rehabilitation Act of 1973, and those claims have not been resolved by this court. On February 16, 2018, the parties filed a stipulation proposing that the scheduling conference in this action be delayed until after the Ninth Circuit Court of Appeals issues a final decision with respect to plaintiff's IDEA claim. (Doc. No. 52.) The court observes that neither party has sought to have this court certify an interlocutory appeal in this action. *See* 28 U.S.C. § 1292(b). Moreover, the docket in this action does not reflect that a notice of appeal has even, in fact, been filed. Finally, it appears that what the parties propose—an indefinite postponement of the scheduling conference until an as-yet unfiled appeal is resolved—is essentially a stay pending interlocutory appeal. The stipulation

provides no legal authority indicating such a stay should be granted in this case. Even should this court certify an interlocutory appeal, this certification does "not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b). Once an appeal has been filed, the parties may request the court stay this matter pending appeal, either jointly or separately. However, the parties are reminded that any such request should fully address the legal standard under which they seek a stay and explain why such a stay is appropriate in this case. *See, e.g.*, *Hilton v. Braunskill*, 481 U.S. 770, 776–77 (1987); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (holding court has inherent power to stay case where moving party "make[s] out a clear case of hardship or inequity in being required to go forward").

For the reasons given above, the court will not adopt the stipulation of the parties (Doc. No. 52) filed on February 16, 2018. Absent further order of the court, this action remains scheduled as directed in the minute order issued by the assigned magistrate judge on that same date. (Doc. No. 51.)

IT IS SO ORDERED.

Dated: **February 21, 2018**

_____
UNITED STATES DISTRICT JUDGE