# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.T., by and through his guardian ad litem JANICE WOLFE,<br><br>Plaintiff,<br><br>v.<br><br>TEHACHAPI UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No.: 1:16-cv-01492 DAD JLT<br><br>ORDER DENYING STIPULATION TO AMEND THE CASE SCHEDULE<br>(Doc. 70) |

Counsel have stipulated to amend the case schedule and state only that "schedule conflicts" have posed an obstacle to completing discovery in a timely fashion as justification for their stipulation. (Doc. 70 at 1-2) Notably, as of August 31, the parties had completed absolutely no discovery (Doc. 68) despite that this case was scheduled on March 13, 2018 (Doc. 62). Nevertheless, in August counsel anticipated no obstacles to completing discovery within the deadlines set by the scheduling order. (Doc. 68)

Now, they indicate they need "to complete written discovery, complete lay witness depositions, and depose experts." (Doc. 70 at 2) Thus, it appears they have still not completed any discovery. Alternatively, they have completed discovery but have failed to detail any discovery they have completed. This does not constitute a showing of good cause required before the Court will amend a case schedule (Doc. 62 at 8)

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In

1

addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3rd Cir. 1986).

A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Johnson, 975 F.2d at 610. According to Fed. R. Civ. P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed. R. Civ. P. 16(b). In Johnson, the Court explained,

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . .[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Johnson, at 609. Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference . . ." Jackson, 186 F.R.D. at 608, emphasis added.

///
///
///
///
///
///
///

2

There is no showing the parties have acted diligently.  There is no showing they have completed any discovery despite the passage of more than eight months since the case was scheduled.  There is no showing that the deadlines could not be met due to unanticipated circumstances. Thus, the stipulation to amend the case schedule is **DENIED**.

IT IS SO ORDERED.

Dated: **November 24, 2018**             /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE